```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

KENNITH RUSSELL,                    )
                                    )
                Plaintiff,          )
                                    )
v.                                  )   Case No. CIV-18-156-RAW-KEW
                                    )
COMMISSIONER OF SOCIAL              )
SECURITY ADMINISTRATION,            )
                                    )
                Defendant.          )
```

**REPORT AND RECOMMENDATION**

Plaintiff Kennith Russell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 54 years old at the time of the ALJ's decision. Claimant completed high school. He has worked in the past as an envelope folding machine operator. Claimant alleges an inability to work beginning January 30, 2014, due to limitations of degenerative disc disease of the spine, gouty arthritis, COPD/asthma, obesity, hypertension, abnormal glucose (other), peripheral vascular disease, and history of hernias.

### Procedural History

On July 17, 2015, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's

application was denied initially and upon reconsideration. On February 13, 2017, Administrative Law Judge("ALJ") Kim Parrish conducted an administrative hearing by video. Claimant appeared in Ardmore, Oklahoma, and the ALJ presided from Oklahoma City, Oklahoma. On June 1, 2017, the ALJ entered an unfavorable decision. On March 22, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with limitations.

### Error Alleged for Review

Claimant's sole contention for review is that the ALJ committed error by improperly considering and weighing the disability functional evaluation by his physical therapist Michele Shahan-Hale.

### Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease of the spine, gouty arthritis, COPD/asthma, obesity, hypertension, abnormal glucose (other), peripheral vascular disease, and history of umbilical

4

hernia. (Tr. 20). He determined Claimant had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), except Claimant could not perform more than occasional climbing of ladders, stooping, crouching, kneeling, and crawling. Claimant was to avoid concentrated exposure to wetness and humidity, excessive vibration, fumes, odors, dusts, and gases. (Tr. 29).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of cashier, fast food worker, and small product assembler, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 32-33, 50-51). As a result, the ALJ concluded that Claimant was not under a disability from January 30, 2014, through December 31, 2014, the date last insured. (Tr. 33).

Claimant argues the ALJ improperly considered the disability functional evaluation by his physical therapist Ms. Shahan-Hale. She examined Claimant in November of 2015. Ms. Shahan-Hale listed Dr. Teresa Lynn, D.O. as Claimant's physician and that he was referred for a functional evaluation to determine his current level of physical capacity. In her report, Ms. Shahan-Hale noted her review of Claimant's prior records. She conducted a detailed assessment of Claimant, making the following pertinent findings with regard to his functional capacity: (1) impairment in range of motion in the neck (cervical area), shoulders, elbows, wrists, hips, knees, and ankles (Tr. 354-55, 398-99); (2) lifting of twenty

pounds occasionally (Tr. 351, 356, 395, 400); (3) walking for 3.52 minutes at a normal pace with occasional use of his hands on the rails for balance (Tr. 356, 400); (4) standing for 30 minutes before having to sit because of pain (Tr. 356, 400); (5) no limitations noted for sitting (Tr. 356, 400); (6) occasionally climb but never balance, stoop, crouch, kneel, or crawl (Tr. 356-57, 400-01); (7) occasionally handle and finger but cannot reach or push/pull at all (Tr. 357, 401); and (8) no exposure at all to heights, moving machinery, or vibration (Tr. 357, 401). Based upon her observation, testing, subjective and objective data within the exam, and the medical records reviewed, Ms. Shahan-Hale determined Claimant "was unable to demonstrate an ability to safely work within the sedentary level based on the Dictionary of Occupational Titles." (Tr. 358, 402). On November 20, 2015, Dr. Lynn signed the disability functional evaluation, indicating that she agreed "with the report above or . . . indicated changes where . . . they are appropriate." (Tr. 402). No changes were made by Dr. Lynn to Ms. Shahan-Hale's assessment.

In the decision, the ALJ briefly discussed the functional assessments of the state agency physicians from October and December of 2015, noting they determined Claimant had the RFC to perform a full range of medium work. He noted that these opinions were considered utilizing the criteria for medical source statements/opinions in 20 C.F.R. § 404.1513 and § 404.1527. (Tr.

6

29). The ALJ granted "significant, but not great or considerable weight to the findings and assessments of the State Agency examiners and consultants." (Tr. 31).

The ALJ also gave a brief summary of Ms. Shahan-Hale's functional findings. He noted that he had considered "these non-treating, non-examining medical source statements/opinions by the criteria set forth in Regulations 20 CFR 202. 1513 and 404.1527." (Tr. 29-30). The ALJ "d[id] not grant significant weight" to Ms. Shahan-Hale's evaluation. (Tr. 31).

The ALJ further discussed the ongoing medical treatment received by Claimant, including a discussion of records from the Arbuckle Family Clinic, which is where Claimant received care from his treating physician Dr. Lynn, and records from his treating chiropractor. (Tr. 30-31). The ALJ granted "great weight to the findings and assessments of the claimant's treating physicians[,]" referencing the exhibit numbers of the treatment notes from Arbuckle Family Clinic, which also included a copy of the disability functional evaluation signed by Ms. Shahan-Hale on November 15, 2015 (Tr. 395-402), which Dr. Lynn signed in agreement on November 20, 2015. (Tr. 291-317, 359-71, 373-423). Moreover, other than referencing by exhibit number the September 26, 2015 report of consulting examiner, Dr. Matthew Feist, M.D., with the findings and opinions of the treating physician, the ALJ did not discuss Dr. Feist's report in the decision. (Tr. 31, 340-47).

7

Although "[o]nly 'acceptable medical sources' can provide evidence to establish the existence of a medically determinable impairment, . . . only they can provide medical opinions, and only they can be considered treating sources, . . . [t]he regulations . . . also contemplate the use of information from 'other sources,' both medical and non-medical." *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007), citing 20 C.F.R. § 404.1513(a), § 404.1527. "In the category of other medical sources, the regulations include, but are not limited to, nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists." *Id.*, citing 20 C.F.R. § 404.1513(d)(1). Such sources "may provide evidence 'to show the severity of [a claimant's impairment(s) and how it affects [a claimant's] ability to work.'" *Id.*, quoting 20 C.F.R. § 404.1513(d).

Social Security Ruling 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to 'all opinions from medical sources who are not acceptable medical sources as well as from other sources.'" *Id.* at 1302, quoting Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *4. The ALJ is instructed to "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on

8

the outcome of the case." Soc. Sec. Rul. 06-03p, at *6. Those factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2001) (quotation marks omitted), citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

The Commissioner cites cases wherein courts determined an ALJ does not commit error when it is evident from the decision that he considered the "other source" opinion even though he did not provide an explicit discussion of the relevant factors in the decision. The Commissioner argues that based upon the ALJ's discussion of the medical evidence, this Court can follow his reasoning for not attributing any significant weight to Ms. Shahan-Hale's findings and opinions. The Commissioner further argues that the examination by Ms. Shahan-Hale occurred in November of 2015, nearly a year after Claimant's insured status expired. Commissioner's Response Brief, pp. 7-12.

9

The Court agrees with the Commissioner that the ALJ did not commit error by failing to explicitly discuss the 20 C.F.R. § 404.1527(d) factors as they pertained to Ms. Shahan-Hale's evaluation. However, contrary to the Commissioner's argument, the Court cannot follow the ALJ's reasoning for the weight assigned to Ms. Shahan-Hale's findings and opinions based upon the weight assigned to the other opinions from "acceptable medical sources," including Claimant's treating physician. In the decision, the ALJ grants "great weight" to the findings and assessments of Claimant's treating physicians. Dr. Lynn, Claimant's treating physician from Arbuckle Family Clinic, agreed with the disability functional evaluation by Ms. Shahan-Hale. (Tr. 395-402). The ALJ did not discuss this agreement in the decision. Although the evaluation by Ms. Shahan-Hale occurred in November of 2015, it is still relevant as it may bear on the severity of Claimant's condition before the expiration of his insured status. Moreover, the ALJ did not discuss the findings of consulting physician Dr. Feist in his decision, instead grouping Dr. Feist's report in with the evidence he attributed to Claimant's treating physicians. (Tr. 31, 340-47).

On remand, the ALJ shall reevaluate the opinion from Ms. Shahan-Hale, considering Dr. Lynn's agreement with the evaluation. The ALJ also shall consider and discuss the report of consulting examiner Dr. Feist and what weight to attribute to his findings

and opinions.  Upon re-evaluating the findings and opinions of Ms. Shahan-Hale, Dr. Lynn, and Dr. Feist, along with consideration of the state agency opinions and other evidence in the record, the ALJ shall reassess the limitations included in Claimant's RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2019.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE